```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
 SPENCER SAVINGS BANK, SLA,                         :
                                                    :       MEMORANDUM DECISION AND
                              Plaintiff,            :       ORDER
                                                    :
           - against -                              :       25-cv-5006 (BMC)
                                                    :
                                                    :
 2050 BATH AVE LLC, et al.,                         :
                                                    :
                              Defendants.           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

     Defendants purported to remove this mortgage foreclosure case from state court based on diversity of citizenship. The Court issued an Order requiring defendants to show cause why the case should not be remanded, and sanctions imposed on defendants' counsel, because: (1) plaintiff was alleged to be a "resident of the State of New Jersey" and defendants were alleged to be "residents of the state of New York", but residence is not the same as citizenship for purposes of diversity jurisdiction, see Van Buskirk v. United Grp. of Companies, Inc., 935 F.3d 49 (2d Cir. 2019), and the notice of removal set forth no facts upon which the citizenship of any party could be ascertained; (2) additionally, as to defendant 2050 Bath Ave LLC, the citizenship of a limited liability company is the imputed citizenship of each of its members, whose names and citizenship must be, but were not, specifically identified in the notice of removal, see Kenshoo, Inc. v. Aragon Advert., LLC, 586 F. Supp. 3d 177 (E.D.N.Y. 2022); (3) a New York citizen may not remove a state court action to New York federal court based on diversity of citizenship; see 28 U.S.C. § 1441(b)(2); (4) the case was untimely removed because defendants relied on a state court extension of time to respond to a default judgment motion as concurrently

extending their 30-day time to remove, which is not permitted. See Silvester + Tafuro, Inc. v. Daniel Cline & Assocs., Inc., No. 03-cv-9954, 2004 WL 345516 (S.D.N.Y. Feb. 24, 2004).

Defendants' counsel has responded to the Order to Show Cause. The response is wholly inadequate. First, counsel admits unfamiliarity with the basic rule of federal practice that a citizen of a state cannot remove an action on diversity grounds from a state court in his home state, and apologizes for his lack of knowledge. He says that his awakening was the result of a "more careful" review of the statutes, and asks for leave to withdraw the notice of removal, but it cannot be that he made any review of the statute before he was referred to it by this Court, and any federal practitioner should know that anyway. Second, he does not address any of the other grounds in the Order to Show Cause about his failure to plead diversity of citizenship or removability of the case, *i.e.*, untimely removal, failure to plead the citizenship of any party, and failure to identify the members and citizenship of the defendant limited liability company, which again indicates substantial unfamiliarity with federal practice.

Instead, he offers background on the state of the proceedings in state court, some of which were referenced in the notice of removal – the status of settlement negotiations, the possible application of a New Jersey forum selection clause that is in some but not all of the mortgage documents, and why plaintiff's pending motion for default judgment in state court is premature. None of these have anything to do with the removability of the case, and the fact that counsel does not understand that is concerning.

It is clear that the notice of removal violated Rule 11, as there was no good faith basis for it, and the Court is not convinced that counsel has sufficient familiarity with federal practice to appear in this Court without prejudicing clients and adverse parties. The Court therefore ORDERS as follows. First, the case is remanded to the Supreme Court, Kings County, Case No.

512593/2025, as untimely, unremovable, and for lack of diversity jurisdiction. Second, as a sanction for violating Rule 11, defendants' counsel shall, within the next 12 months, complete a seminar or course in basic federal civil practice offered by a recognized bar association, and shall file a certificate of completion in this action, failing which additional sanctions will be imposed.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
September 9, 2025

3